# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00490-CV

### In the Interest of H. L. M.

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-19-002226, THE HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

L.L.M. appeals the dismissal for lack of jurisdiction of her petition for bill of review challenging a 2017 order terminating her parental rights to her child, H.L.M. *See* Tex. Fam. Code § 161.211(a) (providing six-month time limit for collateral or direct attack of order terminating parental rights of person who has been personally served). We will affirm.

## BACKGROUND

H.L.M. was born in December 2014. In June 2016, the Texas Department of Family and Protective Services (the Department) filed an original petition in suit affecting the parent-child relationship, and H.L.M. was removed from L.L.M.'s care. The Department was appointed H.L.M.'s temporary managing conservator.

On October 31, 2017, the Department and L.L.M. executed a mediated settlement agreement (the MSA) in which L.L.M. agreed that there was clear and convincing evidence that she failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain H.L.M.'s return. *See id.* § 161.001(b)(1)(O) (providing that failure to

comply with provisions of court order establishing actions necessary for parent to obtain return of child is ground for termination of parent-child relationship). L.L.M. also agreed that clear and convincing evidence existed that termination of her parental rights to H.L.M. was in the child's best interest. *See id.* § 161.001(b)(2) (requiring clear and convincing evidence that termination is in child's best interest). The MSA includes L.L.M.'s acknowledgement and agreement that the MSA would be used to terminate her parental rights to H.L.M. On November 13, 2017, the trial court signed a final decree that terminated L.L.M.'s parental rights to H.L.M. and appointed the Department H.L.M.'s sole managing conservator. The decree cautioned the parties that they had a right to appeal but that failure to follow the Texas Rules of Appellate Procedure for accelerated appeals in civil cases could result in dismissal of the appeal. The final decree also provided that L.L.M.'s court appointed attorney was dismissed "upon the date all appeals in relation to this order are exhausted or waived." The deadline for filing a notice of appeal of the final decree of termination was December 4, 2017. *See* Tex. R. App. P. 26.1(b) (requiring notice of appeal in accelerated appeal to be filed within 20 days after judgment or order is signed), 28.4(a)(1) (appeals in parental termination cases are governed by rules of appellate procedure for accelerated appeals).

On December 29, 2017, L.L.M. mailed a letter to the district court stating that she wanted to appeal the final decree of termination. The district court received and filed the letter on January 2, 2018. In that letter, L.L.M. stated that, after signing the MSA, she advised her court appointed attorney that she had only done so under duress.[1] L.L.M.'s letter states that she

---

[1] L.L.M. enclosed what she represents is a copy of a letter she sent to her court appointed attorney on December 12, 2017. In that letter, L.L.M. describes the various ways in which she believes she was coerced into signing the MSA, including that she was not on any of her "psychiatric medications" and, because she had been brought to the mediation pursuant to a

2

had made unsuccessful attempts to contact her attorney, that she was at Travis County Correctional Complex, and that she "need[ed] to know what to do from here" given that she "signed [the MSA] under complete duress" and "was not properly represented." The district court and this Court treated this letter as a notice of appeal filed January 2, 2018.

On January 26, 2018, this Court sent a letter to both L.L.M. and the attorney who had represented her during the trial court proceedings stating that the notice of appeal was not timely filed and, consequently, it did not appear that the Court had jurisdiction over the appeal. This Court requested a response explaining how it could exercise jurisdiction over the appeal. The attorney filed a response on February 5 in which she stated that she understood that the notice of appeal was not timely filed and that she was "in a bind because [she] cannot reveal any of [her] discussions with [with L.L.M.] due to the attorney-client privilege." The letter also stated: "If I did anything that was incorrect and caused the Notice of Appeal to be filed late then I would encourage the Court to maintain jurisdiction so that the appeal may move forward. Please do not punish my client for a mistake I may have made." The letter also enclosed an order dated January 23, 2018, substituting a new attorney for L.L.M. The substitute attorney also filed a motion to permit a late filed pro se appeal and requested the Court to exercise jurisdiction over the appeal. This Court denied the motion for extension of time and dismissed the appeal for want of jurisdiction. The Court noted that although L.L.M.'s attorney had filed a motion for extension of time, that motion was not timely filed. *See L.L.M. v. Texas Dep't of Family & Protective Servs.*, No. 03-18-00026-CV, 2018 WL 828972, at *2 (Tex. App.—Austin Feb. 9, 2018, pet. denied) (mem. op.).

---

bench warrant, she was "in the restraints—arms, hands and feet" when her counsel handed her the MSA and asked her to sign it rather than proceed to trial. In the letter, L.L.M. wrote to her attorney: "I was not in the right frame of mind and I was under duress."

After this Court overruled L.L.M.'s motion for rehearing and motion for en banc reconsideration, L.L.M., represented by the substitute counsel, filed a petition for review with the Texas Supreme Court requesting that the court remand the case to this Court to exercise our jurisdiction based on leniency for a pro se litigant and as a remedy for alleged ineffective assistance of counsel. The Texas Supreme Court denied the petition for review on October 19, 2018. L.L.M. filed two motions for extension of time to file a motion for rehearing in the supreme court. The court granted the extensions and ordered L.L.M. to file her motion for rehearing no later than December 5, 2018. L.L.M. did not file a motion for rehearing.

On April 2, 2019, L.L.M., represented by new counsel, filed a petition for bill of review in Travis County district court. L.L.M. named the Department, H.L.M.'s attorney ad litem, the Court Appointed Special Advocate of Travis County, H.L.M.'s birth father, and the individuals seeking to adopt H.L.M. as respondents. L.L.M. alleged that, because her court appointed attorney rendered ineffective assistance of counsel, her due process rights were violated when her parental rights to H.L.M. were terminated. The Department filed a motion to strike the petition for bill of review on the ground that it was not timely filed. *See* Tex. Fam. Code § 161.211(a) ("Notwithstanding Rule 329, Texas Rules of Civil Procedure, the validity of an order terminating the parental rights of a person who has been personally served [] is not subject to collateral or direct attack after the sixth month after the date the order was signed."). The Department argued that L.L.M.'s petition for bill of review, filed more than sixteen months after the order terminating her parental rights to H.L.M. was signed, was untimely and should be dismissed. Following a hearing, the trial court signed an order stating that it construed the motion to strike as a plea to the jurisdiction and found that, under Texas Family Code section 161.211, the petition for bill of review was not timely filed and the court lacked jurisdiction. The trial

4

court granted the plea to the jurisdiction and dismissed the petition for bill of review. This appeal followed.

**DISCUSSION**

L.L.M. filed her petition for bill of review challenging the order of termination more than sixteen months after the district court signed the final decree terminating her parental rights to H.L.M. Accordingly, the petition was untimely under section 161.211, which provides:

> Notwithstanding Rule 329, Texas Rules of Civil Procedure, the validity of an order terminating the parental rights of a person who has been personally served or who has executed an affidavit of relinquishment of parental rights or an affidavit of waiver of interest in a child or whose rights have been terminated under Section 161.002(b) is not subject to collateral or direct attack after the sixth month after the date the order was signed.

*Id.* § 161.211(a). Nevertheless, L.L.M. argues on appeal that her trial counsel rendered ineffective assistance immediately before and after the trial court signed the termination order, which she asserts violated her due process rights. L.L.M. also asserts that she did not participate in the mediation that resulted in the MSA forming the basis of the decree of termination, which she claims also violated her right to due process. L.L.M. argues that, because her petition for bill of review alleges that her due process rights were violated, section 161.211's time limit for challenging a decree of termination does not apply and does not operate as a jurisdictional bar to her petition. L.L.M. maintains that section 161.211 is unconstitutional as applied to her and, consequently, cannot serve as the basis for dismissing her petition for bill of review.[2] *See In re*

---

[2] Alternatively, L.L.M. urges this Court to conclude that, for purposes of section 161.211, the six-month time period within which to challenge a final decree of termination did not begin to run until this Court's mandate issued in her untimely appeal from that order. But that is contrary to the statute's text, which states that the period begins on "the date the order was signed." *See* Tex. Fam. Code § 161.211(a); *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433,

5

*E.R.*, 385 S.W.3d 552, 562 (Tex. 2012) ("[D]ue process prevails over a state law time limit, even one imposed on challenges to termination of parental rights.").

An as-applied challenge asserts that a statute, while generally constitutional, operates unconstitutionally as to the claimant because of her particular circumstances. *City of Corpus Christi v. Public Util. Comm'n of Tex.*, 51 S.W.3d 231, 240 (Tex. 2001). When confronted with a challenge to the constitutionality of a statute, we presume that the statute is valid and that the Legislature has not acted unreasonably or arbitrarily. *Adame v. 3M Co.*, 585 S.W.3d 127, 139 (Tex. App.—Houston [1st Dist.] 2019, no pet.). The burden rests on the individual who challenges the statute to establish its unconstitutionality. *Id.* In the present case, L.L.M. argues that section 161.211 is unconstitutional as applied to her. Thus, L.L.M. must establish that, because of her particular circumstances, the six-month deadline for filing a petition for bill of review operated to violate her constitutional right to due process.

In her brief on appeal, L.L.M. argues that her due process rights were violated because of the ineffective assistance of counsel rendered by her counsel during what she describes as "the most critical stage of this case: shortly before and after the final decree of termination was signed" by the district court in November 2017. Specifically, L.L.M. identifies the following instances of allegedly deficient performance:

- trial counsel failed to timely request a jury trial;

- trial counsel failed to ensure that L.L.M. meaningfully participated in the mediation;

---

437 (Tex. 2009) ("Where text is clear, text is determinative of [legislative] intent."); *Moore v. Brown*, 408 S.W.3d 423, 433 (Tex. App.—Austin 2013, pet. denied) (rejecting argument that section 161.211's six-month period should begin when signed termination order was filed with district court rather than date it was signed).

6

- trial counsel failed to object to entry of the final decree of termination on the ground that L.L.M. revoked her consent and/or lacked the capacity to sign it; and

- trial counsel failed to file a notice of appeal and abandoned L.L.M.

Assuming these allegations of defective performance are true, however, they do not demonstrate that application of the six-month deadline for filing a petition for bill of review deprived L.L.M. of her right to due process. While L.L.M.'s trial counsel's allegedly deficient performance before and immediately after the termination order was signed could be relevant to the merits of the relief sought in the bill of review proceeding, it does not explain how the six-month time limit for filing a petition for bill of review, as applied to L.L.M.'s particular circumstances, deprived her of her constitutional right to due process. *Cf. In re E.R.*, 385 S.W.3d at 567 (holding that section 161.211 time limits could not foreclose attack by parent who was deprived of constitutionally adequate notice of decree of termination). L.L.M. does not dispute that she had notice of the decree of termination. This Court dismissed her untimely appeal more than three months before the statutory deadline to file a bill of review or otherwise challenge the decree of termination.[3] L.L.M. has not identified how the statute's time limit, as applied to her, precluded her from filing a petition for bill of review during the six-month period following the trial court's order or otherwise deprived her of her due process rights. L.L.M. suggests that the allegedly ineffective assistance rendered by her trial counsel immediately before and after the termination order was signed violates due process rights in the same manner as the constitutionally defective service by publication addressed in *In re E.R. See id.* She does not, however, present authority for this proposition or otherwise explain why it is so. We

---

[3] During this time period L.L.M.'s newly appointed counsel filed a petition for review with the Texas Supreme Court asserting that L.L.M. should be permitted to pursue an out-of-time appeal due to the ineffective assistance rendered by her previous counsel. The supreme court denied the petition for review.

conclude that L.L.M. has failed to establish that section 161.211 is unconstitutional as applied to her particular circumstances. Absent a showing of a constitutional bar to section 161.211's enforcement, we are bound to give it effect. The trial court did not err in dismissing L.L.M.'s untimely filed bill of review. We overrule L.L.M.'s sole appellate issue.

## CONCLUSION

Having overruled L.L.M.'s sole appellate issue, we affirm the trial court's judgment.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed:   December 11, 2019